## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

QUANTAVIAN YEMETRIUS HARRIS,

      Petitioner,

v.                                        CASE NO. 8:11-CV-793-T-30TBM
                                    CRIM. CASE NO. 8:07-CR-261-T-30TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

      Before the Court is Petitioner's Motion for Reconsideration (CV Dkt. 10) filed pursuant to Rule 59(e), Fed.R.Civ.P. ("Rule 59(e) motion").  Petitioner moves the Court to alter or amend the judgment entered after the Court issued an order on November 21, 2011, denying Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (see CV Dkts. 8, 9).

### Background

      Petitioner was charged by Indictment with one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of crack cocaine, and four counts of distributing crack cocaine  (CR Dkt. 1).  On August 1, 2007, Petitioner pleaded guilty pursuant to a written plea agreement[1]  (CR Dkts. 16, 19).  On November 7, 2007, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to two hundred sixty-two

---

[1]Petitioner pleaded guilty to Count One of the Indictment, the conspiracy charge, and the Government dismissed the remaining counts of the Indictment (CR Dkt. 30).

(262) months imprisonment to be followed by five years of supervised release  (CR Dkts. 28, 30). Petitioner did not appeal.

Petitioner signed his 2255 motion on February 21, 2011 (CV Dkt. 1). Petitioner claimed that he was actually innocent of his career offender sentence because he did not have at least two qualifying prior convictions as defined in U.S.S.G. § 4B1.1.  Specifically, he argued that his prior conviction under Section 893.13(1), Fla. Stat., was not a qualifying controlled substance offense under U.S.S.G. § 4B1.1.  Petitioner further argued that this Court lacked jurisdiction to impose the career offender sentence since Petitioner did not have at least two qualifying prior convictions.

On April 18, 2011, the Court ordered the Government to show cause why Petitioner was not entitled to relief (CV Dkt. 3).  The Government filed a response on July 8, 2011 (CV Dkt. 6). Petitioner filed a reply on August 3, 2011 (CV Dkt. 7).

In denying the 2255 motion, the Court concluded that the motion was time-barred; there is no exception to the limitations period for a claim of actual innocence of a career offender enhancement; a challenge to this Court's application of the Sentencing Guidelines is not cognizable in a 2255 motion; Petitioner's challenge to his sentence was barred by the appeal waiver in his written plea agreement; his claims were procedurally defaulted because they were not raised on direct review; and Petitioner's claim that this Court lacked jurisdiction to sentence him as a career offender was without merit and not a jurisdictional claim (CV Dkt. 8).

On December 20, 2011, Petitioner filed his Rule 59(e) motion (CV Dkt. 5).

**Analysis**

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)). Petitioner does not present newly-discovered evidence. Instead, Petitioner argues that: 1) the Court should not have dismissed his 2255 motion as time-barred because he filed it within one year of the decision in *Johnson v. United States*, 130 S.Ct. 1265 (2010), which he claims established a new substantive rule of law that applies retroactively on collateral review; 2) he is entitled to equitable tolling or is actually innocent of the career offender enhancement because his prior state convictions for drug offenses were based on Fla. Stat. § 893.13 which has been declared unconstitutional by some Florida courts, and the district court in *Shelton v. Secretary, Department of Corrections*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011) (Fla. Stat. § 893.13 is unconstitutional on its face where the statute makes it unlawful for a person to deliver cocaine, whether he does so purposefully, knowingly, recklessly, or negligently; in absence of *mens rea* requirement, Fla. Stat. § 893.13 provides too harsh of a penalty for a strict liability crime); 3) his claim is cognizable in a Section 2255 motion because he relied on the substantive rule of statutory interpretation announced in *Johnson v. United States*, 130 S.Ct. 1265 (2010), and because his prior state conviction under Fla. Stat., Section 893.13 is unconstitutional; 4) his appeal waiver should not have been enforced because his state convictions under Section 893.13 are unconstitutional; 5) his claims were not procedurally defaulted because his sentence enhancement was based on a prior conviction obtained under a statute that has subsequently been declared unconstitutional; 6) this Court was without jurisdiction to classify him as a career offender

3

because the prior state convictions used to enhance his sentence were obtained under a facially unconstitutional statute; and 7) this Court failed to address Petitioner's claim that the prior state convictions "are strict liability crimes failing to qualify under § 4B1.2(b) as controlled substance offenses."

There is no manifest[2] error of law or fact in the order denying Petitioner's 2255 motion. The guideline range determined by this Court at sentencing was 262 to 327 months imprisonment (CR Dkt. 28). Petitioner was sentenced to 262 months imprisonment (CR Dkt. 30). Therefore, his sentence does not exceed the guidelines range as determined by this Court. Thus, his claim does not meet that exception to his waiver of his right to challenge his sentence collaterally (see CR Dkt. 16 at p. 12). Accordingly, his claims are barred by the appeal waiver in his plea agreement. *See Boyle v. United States*, 2011 U.S. App. LEXIS 22623, at *7 (11ᵗʰ Cir. Nov. 7, 2011) (unpublished opinion) ("to the extent Boyle's § 2255 motion claims that, in light of *Archer*, the district court erroneously applied the § 4B1.1 career offender enhancement in the guidelines, that issue is barred by Boyle's sentence appeal waiver in his plea agreement").

Moreover, this Court determined that Petitioner's claims are not cognizable under Section 2255. Petitioner fails to demonstrate that this determination was a manifest error of law. *See McKay v. United States*, 657 F.3d 1190 (11ᵗʰ Cir. 2011) ("we leave for another day the question of whether [a claim that defendant was erroneously sentenced as a career offender] is cognizable under

---

[2]"'Manifest' means 'evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, undubitable, indisputable, evident, and self-evident.'" *Montes v. Shearson Lehman Bros.*, 128 F.3d 1456, 1461 (11ᵗʰ Cir. 1997) (quoting Black's Law Dictionary 962 (6ᵗʰ ed. 1990)).

§ 2255. . .”); *United States v. Coley*, 336 Fed. Appx. 933, 936 (11ᵗʰ Cir. 2009) (unpublished opinion) ("Because his status as a career offender is a non-constitutional issue that Coley could have raised on direct appeal, it is not cognizable on collateral review under  § 2255.").

To the extent Petitioner argues that his sentence should not have been enhanced because one of his prior state convictions was obtained under Fla. Stat., Section 893.13, which was declared unconstitutional in *Shelton*,[3] Petitioner must return to state court and obtain relief there before this Court can grant relief pursuant to this claim.[4]  Moreover, Petitioner's claim that his sentence should not have been enhanced because Section 893.13 is unconstitutional is procedurally defaulted because he did not raise it on direct appeal.  *Boyle*, 2011 U.S. App. LEXIS 22623, at *13 ("To the extent Boyle's § 2255 motion raised a due process claim not barred by his sentence appeal waiver, Boyle procedurally defaulted that claim by not raising it in a direct appeal of his sentence."). Furthermore, this Court has held, contrary to *Shelton*, that Section 893.13 is not facially unconstitutional. *United States v. Bunton*, 2011 U.S. Dist. LEXIS 123945, 2011 WL 5080307 (M.D. Fla. October 26, 2011).

Finally, the Court's determination that Petitioner's 2255 motion was time-barred was not a manifest error of law or fact.  Petitioner fails to demonstrate that his 2255 motion was timely under § 2255(f)(3) because he does not show that *Johnson* applies retroactively.  Moreover, his argument

---

[3]In his reply, Petitioner cited to *Shelton* to support his argument that his claims raised constitutional issues cognizable under § 2255

[4]If Petitioner is successful in vacating his state court convictions, he may then file a § 2255 motion.  *See Stewart v. United States*, 646 F.3d 856, 864 (11th Cir. 2011) ("[T]he time for challenging a federal sentence based on a faulty state conviction is only after that conviction has been vacated.").

that he is entitled to an actual-innocence exception to the limitations period because he is actually innocent of the sentence enhancement fails because the Eleventh Circuit Court of Appeals has "'decline[d] to extend the actual innocence of sentence exception to claims of legal innocence' of a guidelines sentencing enhancement." *Delgado v. United States*, 2012 U.S. App. LEXIS 8198, *9 (11th Cir. Fla. Apr. 24, 2012) (unpublished opinion) (quoting *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011)).[5]

Accordingly, the Court **ORDERS** that Petitioner's Motion for Reconsideration(CV Dkt. 10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner, *pro se*
       Counsel of record

---

[5]Petitioner does not argue that he is factually innocent of the predicate state offenses used to enhance his sentence.  Instead, he argues that he is legally innocent of the sentencing enhancement as a career offender because his prior conviction for trafficking in cocaine is not a controlled substance offense, and the conviction was obtained under Section 893.13, which he argues is unconstitutional on its face.

6